Good morning, your honor. May it please the court, Robert Andrus here on behalf of Antec. Your honor, I'd like to focus in on just a couple of different matters for purposes of this argument. With respect, first addressing the claim construction issue in this case. There are really two parts of the case or parts of the claim that we'd like to focus in on. The first being the definition of a case and the second being the definition of a second opening in the case. As the court is aware, the patent in suit involves a cooling device for a computer. It consists of a case and an air movement device that is contained within the case itself. And that case is supposed to fit in the drive bay area of the computer itself. First, the district court's construction of the term case, that a case constitutes a structure for containing and holding something, is very broad and far too broad to be left standing. What it allowed the jury to do was use what I would call an alternative or one of the optional definitions of what the word containing means. We think a better word and the proper word is that the case has to be an enclosure. The claim language says it's configured to meet the drive bay slot. Why isn't it enough if it contains something and is configured to match the drive bay slot? Why isn't that sufficient clarity of what was claimed? Because of the word containing, Your Honor, a bucket might contain some water. A schoolyard might contain some children. But in this instance, the purpose of the case itself is to direct the airflow into a specific region of the computer. And if it's configured to match the drive bay slot, why isn't that? It's one of the terms like member or other broad terms which show us the space that it occupies, but little more. Well, a faceplate over the drive bay slot as defined by the district court is configured to go over that slot. But it's really just a two-dimensional component of the case itself. If we're talking about configured to fit into the drive bay itself, which is another term in the patent, then that is the three-dimensional area that encompasses not only the slot as the district court construed it and the three-dimensional area behind that slot which the drive would fit into. Well, you want us to say, of course, that it's got to be a six-sided rectangle. Yes. But where do you get that? I get that, Your Honor, from the drawings. All the drawings show a box. We don't import limitations out of the drawings in particular. That is an embodiment. And the spec makes it pretty clear that it's talking about an embodiment when it refers to that particular form and says that there are many variations in design that could exist. It goes through and perhaps there are some variations that would fit. But the spec goes on. I would put it to the court that there was a throwaway line in the specification that this is just one example. Your real point is, isn't it, that under this construction it encompasses the prior art that was criticized in the specification? Correct. Which leads to the question of obviousness. Yes. You mentioned testimony that was before the court on summary judgment of an expert who opined in the features of this device being found in the prior art. Was that testimony also before the court at trial? Yes, Your Honor. Was there opposing expert testimony on obviousness? There was some testimony by the inventor on that issue. Okay. But as I understand what happened here, the jury agreed with you on obviousness with respect to the dependent claims, right? Correct. But found the independent claims non-obvious, which is obviously an inconsistent verdict. Correct. And the district court reconciled those verdicts by saying the jury was wrong. It could not have possibly found obviousness of the dependent claims and therefore said that he's reconciled the inconsistent verdict. It's not inconsistent. Would you address the question of whether the district court could properly find that these claims were non-obvious, these dependent claims were non-obvious as a matter of law? What the district court ruled in that respect was that the prior art that had been submitted was not, or that we hadn't proven that it was reasonably pertinent to this particular field of art. By the way, did you preserve this issue? The answer is no, you didn't. So as a matter of fact, you can't argue any factual issues to us, can you? Well, I can argue not as to weighing the evidence, Your Honor. You've waived the right to get JAMAL because you didn't make JAMAL. But as I understand this argument, it's an argument for a new trial based on an inconsistent verdict rather than an argument for JAMAL, right? Yes, sir. And I don't think that there's any assertion by the other side that that argument has been waived. I agree. You did ask for a new trial on the ground of inconsistent verdicts, didn't you? Yes, sir. So was the district court right in the way it reconciled the verdict or was it wrong? Your Honor, it ruled that it wasn't going to consider these four pieces of prior art, basically computer cooling devices that we had submitted and that the experts testified to, and ruled that it wasn't reasonably pertinent to this field of art. I would say as a matter of law, any cooling device in a computer, whether it be a fan or some other type of cooling device... That's precisely the issue you cannot raise. The scope and content of the prior art is factual. That you have waived. You can argue, as Judge Dyke is suggesting, that there is some error in the way the judge reconciled the verdicts, but I'm afraid you don't get to argue the factual evidence of prior art to us, do you? I don't get the weight of prior art? You don't get to argue that the scope and content of the prior art is somehow proves your case because that's factual. What you can argue is that the judge was improper in the way that he reconciled his verdicts. He did have conflicting verdicts and he had to choose one of the two. Why didn't he choose the right one? That the jury said it's not obvious. Because of the reasonably pertinent to this particular field of art issue. That's why the judge denied the motion. That was part of his reasoning. The part of his reasoning you can't really question. He didn't preserve that. But you can tell us why you think as a matter of law he's wrong. As a matter of law, your honor, if you just look at the one Pollard reference that was before the PTO. The Pollard reference didn't occupy substantially the entire drive-based law. So there's a clear distinction between it and the claimed invention. It's a distinction without a difference though, your honor. It performs the same task in the same way. The only difference between the Pollard reference and the accused device is whether or not the faceplate goes all the way across the drive-based law. Or whether it occupies just a section of the drive-based law. It sucks cooling air in. It deposits it into the drive area. Or it can suck cooling warm air out. Pollard was before the PTO. PTO granted it. And that was prior to this court's ruling and the Supreme Court's ruling with respect to claim construction, your honor. And obviousness. This is simply a recombination of known elements that are out there. That's accomplishing exactly the same thing in the same way. People have been putting fans on the outside of the computer to suck cooling air in for decades. The PTO was aware of that. Raised a number of hurdles in that respect. And then somehow distinguished it on the fact that the faceplate didn't occupy the entire slot. What other prior art are you combining with Pollard? To raise an obviousness. The specification of the patent itself talks about putting fans on the outside of the computer. The AS-400 occupies the entire slot. The AS-400 did. And, again, the specification of the patent. I would put it to the court that the only piece of prior art that the court needs to take a look at is the Pollard reference and perhaps the AS-400. But the Pollard reference, again, is a cooling device for a computer which is simply sucking ambient air in and depositing it directly onto the drive itself. And I would like to turn just for a moment to the construction of... You're into your rebuttal. Would you like to save that? I think Judge Gallarza had a question as well. Go ahead. Well, I wanted to focus just briefly on second opening. The definition of second opening. And the district court's denial of the summary judgment on that issue saying that the backside of the fan could be a second opening. The problem with the district court's construction there is that it's a separate opening in the case, not a separate opening somewhere. And what the court did was combine the fan on the Antec device and the front faceplate on the Antec device and called the front faceplate the first opening and said that there was a possibility that the backside of the fan could be the second opening. As a matter of law, Your Honor, that is incorrect. It has to be a second opening in the case and the court was directing its attention to the second opening as being the backside of a fan. There's no dispute that the Antec devices are simply faceplates with fans mounted on the backsides of them, perhaps a heat sink in one of them. But there is, as a matter of law, no separate second opening in that case. Unless the court can somehow find that the front side of the faceplate is one opening and the backside of the faceplate is a second opening. And as a matter of law, that just cannot stand. I'll reserve the rest for rebuttal, Your Honor. Thank you, Mr. Andrews. Mr. Driscoll. Good morning. Good morning. May it please the court, I'm Steve Driscoll representing Comapper Cross Appellant. Why does there have to be a new trial because of the inconsistent verdict? Your Honor, the inconsistent verdict was reconciled by the court granting RJMOL. That issue has not been appealed. It's not been argued. What do you mean it hasn't been appealed? It seems to me that they argued in the brief that the district court should have granted a new trial because of the inconsistent verdict. They argued that the court should have granted a new trial under Rule 59A, Your Honor. However, the issue is whether or not there was an inconsistent verdict. We submit that there is no longer an inconsistent verdict. But the question is whether the district court could properly say that there was no basis for the jury to find obviousness. I don't understand the district court's ruling as to why this prior art couldn't allow a jury to find obviousness. Your Honor, the court listened to the testimony of the experts, saw the prior art devices that were submitted. And by the way, there are different prior art devices that were relied on in trial than the Pollard device. The AS400 was one of them, right? That's correct. And the jury found that that was prior art, right? Yes, Your Honor, they did. Okay. So why wasn't the jury entitled to find that this was obvious in the light of the AS400? The judge considered the evidence and found the evidence insubstantial to support that finding. Well, that's the question. I mean, we review that de novo. The trial court's not making a factual finding. This is granting your JMOL motion. He's ruling as a matter of law that the jury couldn't properly find obviousness. Yes, Your Honor, but I would argue that that issue of granting our JMOL motion is not at issue right now at this appeal. And that has become more or less the law of the case, that there's no consistent verdict now by granting that JMOL. I don't understand that. I think they're arguing that the jury could properly find obviousness, and that's why they're asking for a new trial. Your Honor, when the judge was there to listen to the testimony, she observed the devices in question. She listened to the cross-examination of the expert witnesses, expert witnesses which indicated that they did not understand the Markman order. They indicated that they refuted whether or not there was a second order. I think there was testimony from Antec's expert witness that these features were found in the AS400, right? That was pretty much exactly the same, that there was a module that fit into the thing, covered the entire surface of the slot, and sucked air into the computer, right? But there was also testimony that the slot would not allow the device to be inserted, that there was gaps in the opening. And again, this issue has not been fully briefed at this point because it was not raised on appeal. The standard by which the court looks at the denial of a new trial is an abuse of discretion. Did the court abuse its discretion in finding that there was not an injustice? Well, if the verdicts were inconsistent, there has to be a new trial, right? No, Your Honor. No? Why not? There's precedent. This court has recognized that the court has an obligation to try to reconcile the order. If there's an unreconciled verdict, if the verdicts can't be reconciled, there has to be a new trial, right? If they cannot be reconciled, there must be a new trial, or it's left to stand unless that would result in an injustice. So you can have an inconsistent verdict that stands if it would not result in an injustice. But, Mr. Driscoll, one of the real issues is whether or not the district court correctly reconciled the verdicts on the basis of finding a non-obviousness on the independent claims and obviousness on the dependent claims. Is that correct? Now, they failed to make a 50-A motion, so they couldn't file a J-mole after the verdict was issued by the jury. That's correct. Is that sufficient to preserve at least a new trial opportunity for the same issue of inconsistent verdicts? Yes, it is, Your Honor. So they have preserved their motion for a new trial. They've preserved their vote. That would be an abuse of discretion, Your Honor. And did she abuse their discretion on this basis or not? No, Your Honor. What's your argument on that? My argument for that is that she listened to the testimony of the experts, she observed the equipment, she found that the equipment was non-analogous art, she found that there was not substantial evidence for the jury to conclude that the dependent claims were obvious. Furthermore, in order to preserve an argument, a new trial will not be granted simply because there's an inconsistent verdict. It can be the case under 49B if an objection is made, however, there was no objection made. No, but this was a special verdict, right? No, Your Honor. I would say that this is a 49B situation. We're asking for issues of... You agree that in a special verdict, the Third Circuit has held you don't have to make an objection before the jury's discharge? I would agree with that, Your Honor. But this was not. These were questions of law. The questions were, were the claims obvious? Were they infringed? Was it willful infringement? Looks like a special verdict. I would say that because it involves issues of law, that it would be a general verdict under 49B. Were there any questionnaires filed with the jury? The questions I read to you were essentially the questions. It was just a claim by claim on whether or not they were obvious. Was that a general verdict under Third Circuit law? That would be considered a general, I believe, sir. On what basis? Is there a case for that? There would be. That was briefed in the lower court, Your Honor, the district court level when this issue was raised first. And it was because it involves an issue of law and not just an issue of fact. What case says that the fact that it's an issue of law makes it a general verdict? A general verdict is a determination of liability or liability of damages. There was no such determination here by the jury. Ryan? Well, there was a conclusion that it was an infringement, Your Honor, or an obviousness decision. It wasn't as if there was a question on whether or not each element was found in the device, as you would expect in an interrogatory. But a special verdict doesn't have to have that degree of specificity. There was a specific determination made by the jury in this case. And it smells and tastes just like a special verdict, doesn't it? Not just a general verdict. I would like the opportunity- There were specific findings by the jury. I would like the opportunity to perhaps brief that, Your Honor. I'm not sure. I believe that if it's a general verdict under 49B, I think that it's not a clear case. I think that there was some uncertainty even in this court just a few weeks ago. It mentioned its uncertainty on what is a 49A and 49B with respect to the Callaway case that was recently decided. And I'd like to take a moment to distinguish that case from this case. And that case was also an inconsistent verdict. And in that case, the court found that indeed- Well, first of all, there was no Rule 50B motion to resolve the verdict. In that case, the court was forced to- The Rule 50B motions were filed. They could not have a determination on whether or not there was a- They could not resolve it via the 50B motion. So they were forced to look into the issue of waiver with respect to the verdict. And they considered the 49A and 49B situation in that case. And they also determined that there was no waiver because the parties had objected to the inconsistent verdict before the jury left. That's not the situation we have here. Yeah, but you agree that there doesn't need to be any objection before the jury left if it's a special verdict. That's correct, right? I would correct, Your Honor. But again, I go back to the procedural aspect that it has been- That our J-Mall decision is not at issue right now. That decision resolved the inconsistent verdict. It's resolved. There's case law that supports the use of J-Mall to reserve- To correct the verdict. Your argument is that the judge does not have to grant a new trial if it can reconcile the inconsistent verdicts. It did that on J-Mall. They can't challenge the J-Mall because they didn't raise an objection to that. Yes, Your Honor. Aren't you troubled at all by the fact that there is still an inconsistent verdict that you say is immune from challenge? It's immune from challenge now, Your Honor. If they wanted to challenge the inconsistent verdict, they should have challenged the J-Mall that resolved it. Well, they do brief the inconsistent verdict and they say that a new trial ought to be awarded. Why isn't that sufficient to preserve it? That's under 59A, Your Honor. They have not challenged the judge's order with respect to her findings that there was insubstantial evidence. But, hypothetically, if they had filed a 50A motion before the case was sent to the jury and that was denied, they could have reconciled the inconsistent verdict with a 50B motion. The other way, Your Honor. Yes. So they couldn't file a 50B motion. They waived that. That's correct, Your Honor. So now they're trying to come in on the 59, Rule 59, new trial. That's correct. What is wrong with that? I don't quite understand the error in doing that because 59 is still available, isn't it? It's still available. Yes, Your Honor. It's still available. A new trial is always available. But the standard is high. It requires a finding of an injustice. And by our view of case law, there's not been a case that's been overturned based on an inconsistent verdict in this situation. The Callaway case, Your Honor, overturned it because the parties had reserved their right to contest the inconsistent verdict under 49B. There was no such preservation here on either party's side. What do you mean? They made a new trial motion on the ground of inconsistent verdict, right? But, Your Honor, that was based... Yes? Yes, Your Honor, but it was based upon the fact that you could move for a new trial based upon an inconsistent verdict under Rule 49, not under 59A. They moved under 49, which doesn't require such a high standard for a new trial. So, if in fact we're talking about 49 at this point, it is a lower standard. And if Rule 49 motion can fit into it to reconcile it, then you would lose. Your Honor, I would then argue that the inconsistent verdict was treated by or resolved by the court granting our 50B motion. It's been resolved. That issue is not on appeal right now. I see that I'm in my rebuttal time. I'm not aware you have rebuttal time, Mr. Driscoll, but you're into your final minute and 30 minutes and seconds of argument. Okay. Are there any more questions with respect to either claim construction or the inconsistent verdict? Otherwise, we'll wrestle in our briefs. I'd like to address the issue of enhanced damages. We're presented with a unique situation here. We've got a situation in which willfulness is essentially incontestable at this point by virtue of the antex inability to file a 50B motion. This is another abuse of discretion standard, isn't it? Yes, Your Honor, it is. So, you're saying that in this case the judge abused his discretion and in the other it didn't? The main difference, Your Honor, is that the finding of willfulness put in place an obligation to describe with specificity why enhanced damages could not be granted or are not granted. In this case, Your Honor, there was just a few of the read factors that were listed. Meanwhile, some of the more important read factors including willfulness under the new heightened standard under Seagate is not given or is not seemingly given any more weight. Furthermore, there's other read factors including the- The district court actually reviewed the read factors. It went through them. How is that an abuse of discretion? How is that denying you anything that you deserve here? The requirement, Your Honor, is that there be some explanation on the record of why the read factor or some balancing of the read factors determined that enhanced damages were not appropriate. In this case, the judge indicated just one or two of the read factors and didn't seem to balance them all. And because the finding of willfulness, it would appear that a greater analysis is required. Furthermore, I raise the issue that whether or not enhanced damages or the doctrine is somehow affected by the heightened willfulness standard that is now part of our doctrine through the Seagate decision. We now have a culpability standard built into willfulness that we didn't have before and whether or not- Makes it even more difficult, doesn't it? Mr. Driscoll, your time's expired. Thank you, Your Honor. Thank you. Mr. Andrus, you have a little more than two minutes remaining. I won't take that much, Your Honor. Well, the only thing that I'd like to add at this juncture is to point out to the court that the document that the verdict form in this case is entitled special verdict form. And it goes through more than just a finding of liability. It goes through all the different claims that were at issue, but also has a series of special questions. At the back end, at Appendix 640, where they go through and talk about whether or not there was clear and convincing evidence of public use prior to certain dates, and then goes through and has separate findings regarding anticipation and obviousness. And this is all found at the Appendix 635 through 43. And I would also just like to point out for the record that when this verdict came in, both parties were confused by it. Both parties. Well, Comapper raised the issue at Appendix 631. This is just immediately after the verdict had been read. And the court asked, I'm not quite sure where this leaves us. And Comapper points out the inconsistency in the verdict. And then Antec immediately brought a motion for judgment notwithstanding the verdict as to obviousness and as to non-infringement, or as to infringement orally that was never objected to. So we argued in our brief that that was a Rule 50B motion before the jury had actually left the building, and that it was not objected to, so this waiver argument is waived. But you can't make a Rule 50B motion without having made the proper 50A motion. Unless the opposing side fails to object and waives that argument. That's impossible to waive that 50A motion. Has the Supreme Court ever said on that basis that 50A must be made before a 50B motion can be made? Yes, sir, but it would seem that the parties that that's not necessarily a statutory or jurisdictional issue, that it is a procedural issue, and that procedural issues can be waived, whereas the jurisdictional ones cannot. Do you have a case for that? I don't, Your Honor. Thank you, Mr. Andrus. Thank you. Our next case...